No. 603 August 28, 2024 623

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

GENE A. McLENITHAN,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV09086; A179941

Donald D. Abar, Judge.

Submitted August 1, 2024.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Ortega, Judge, and Balmer, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his successive petition for post-conviction relief, which the post-conviction court entered on summary judgment. He argues that the court erred in determining that the successive petition failed to qualify for the escape clause in ORS 138.550(3), which allows for untimely successive post-conviction petitions, and also that the court erred in rejecting the merits of his claim that his guilty pleas were not knowing, intelligent, and voluntary.[1] We review a grant of summary judgment by viewing the evidence in the record in the light most favorable to the nonmoving party to determine the absence of a genuine issue of material fact and will affirm if no objectively reasonable factfinder could return a verdict for the nonmoving party. *Eklof v. Steward*, 360 Or 717, 729, 385 P3d 1074 (2016); ORCP 47 C. For the reasons that follow, we affirm.

In the underlying criminal case, petitioner pleaded guilty to two counts of first-degree burglary and two counts of first-degree sodomy, in exchange for the dismissal of other charges. The charges stemmed from his breaking and entering into the homes of two women and sexually assaulting them. Petitioner entered his plea in 2000. We affirmed petitioner's conviction and sentence on direct appeal, and the Supreme Court denied review. *State v. McLenithan*, 178 Or App 320, 37 P3d 258 (2001), *rev den*, 333 Or 568 (2002). Petitioner subsequently sought post-conviction relief in state court and habeas corpus relief in federal court, but his petitions were denied. *McLenithan v. Lampert*, 210 Or App 368, 150 P3d 1115 (2006), *rev den*, 342 Or 473 (2007); *McLenithan v. Hill*, No CV 07-761-KI, 2009 WL 2972988 (D Or Sept 10, 2009).

Petitioner initiated the instant post-conviction proceeding in 2022—over 20 years after he entered his guilty plea. He alleged that his trial counsel was ineffective for

---

[1] Petitioner also asserted that the instant petition for relief fell within the escape clause of ORS 138.510(3), which allows for untimely petitions if the "grounds for relief asserted *** could not reasonably have been raised in the original or amended petition" within the two-year time statute of limitations. *Ingle v. Matteuci*, 371 Or 413, 423, 537 P3d 895 (2023). We recently questioned the application of ORS 138.510(3) in the successive petitions context. *See Hill v. Miller*, 330 Or App 386, 394-95, 543 P3d 772 (2024)

failing "to obtain and disclose [alleged falsities in the state's DNA evidence] to petitioner before advising him" to plead guilty, which rendered his guilty pleas not knowing, intelligent, or voluntary. He also alleged that his guilty plea was not knowing, in light of *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 583 (2020), because he was advised that he could be convicted by a nonunanimous jury. The post-conviction court granted summary judgment in favor of the superintendent on both claims. As to the DNA report claim, the court determined that petitioner was attempting to relitigate the same issues raised in the first petition for relief, and thus was barred from doing so under ORS 138.550(3). As to the *Ramos* claim, the court determined that *Ramos* does not apply retroactively in Oregon. Petitioner appeals.

ORS 138.550(3)'s escape clause permits the filing of a successive petition for post-conviction relief if the petitioner could not reasonably have raised the ground or grounds for relief alleged in the previous petition or petitions. The post-conviction petitioner bears the burden of proving facts that a successive petition falls within the escape clause. *Verduzco v. State of Oregon*, 357 Or 553, 565, 355 P3d 902 (2015).

Here, as the post-conviction court correctly concluded, the undisputed facts demonstrate that petitioner cannot meet that standard. Petitioner's first petition alleged that his trial counsel provided constitutionally deficient representation in failing "to challenge the accuracy of DNA evidence prior to the entry of plea," and for failing "to have independent DNA testing done" on the DNA evidence ultimately used to connect petitioner to the crimes. In the current petition, petitioner's claim is that trial counsel was ineffective "for failing to discover that the forensic report falsely reported the DNA testing results before advising petitioner to plead guilty." Although the grounds for relief are worded slightly differently, the gravamen of the first and the successive petitions are the same: petitioner alleges that his trial counsel was deficient in failing to challenge the DNA evidence. Given that petitioner raised the same grounds for relief in his earlier post-conviction petition, "he cannot claim that he could not reasonably have raised them." *Verduzco*, 357 Or at 573. The post-conviction court properly

granted summary judgment for the superintendent on petitioner's claim regarding trial counsel's handling of the DNA evidence.

Petitioner also argues that the post-conviction court erred in granting summary judgment to the superintendent on his standalone claim that his guilty plea entered in 2000 was not knowing, intelligent, or voluntary, because he was not informed of his right to a unanimous jury verdict under *Ramos*, 590 US 83. The post-conviction court concluded that *Ramos* does not apply retroactively and rejected the claim on that basis. Petitioner is correct that the post-conviction court erred in determining *Ramos* does not apply retroactively in Oregon. *See Watkins v. Ackley*, 370 Or 604, 607, 523 P3d 86 (2022) (holding that *Ramos* has retroactive affect in Oregon). That error, however, does not warrant reversal, because the petitioner's standalone *Ramos* claim is foreclosed by our case law. Petitioner recognizes that his trial counsel informed him that he could be convicted at trial by a nonunanimous jury verdict and does not dispute that such advice was consistent with Oregon law in 2000. We have held that waivers of jury trial rights entered before *Ramos* was decided were knowing and voluntary so long as the individuals were correctly informed about the scope of their jury trial rights at the time of the waiver. *Peeler v. Reyes*, 328 Or App 110, 115, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024). For that reason, petitioner's claim fails as a matter of law, making summary judgment proper.

Affirmed.